SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (619) 500-4187; Fax: (888) 819-8230

Attorneys for Plaintiff, BRIAN SHIN

**IN THE U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN SHIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITIZENS BANK, N.A. d/b/a CITIZENS ONE HOME LOANS; DOES 1-10,<br><br>Defendant. | Case No.: **'17CV1435 WQHWVG**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR CREDIT REPORTING ACT,**<br>2. **CALIF. CONSUMER CREDIT REPORTING AGENCIES ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE JUDGE OF THE U.S. DISTRICT COURT:

Plaintiff BRIAN SHIN, an individual, (hereinafter "Plaintiff"), files this Complaint against Defendant CITIZENS BANK, N.A. d/b/a CITIZENS ONE HOME LOANS, ("CITIZENS" or "Defendant"), and alleges as follows:

## I. INTRODUCTION

1. Plaintiff brings this action for penalties and other legal and equitable remedies, resulting from the illegal actions of CITIZENS in submitting inaccurate information to the consumer credit reporting agencies by persistently reporting a balance owed upon a purchase money mortgage that resulted in foreclosure, in disregard of California's anti-deficiency statutes, and thereafter failing to undertake a

1
**Complaint for Damages and Injunctive Relief**

reasonable investigation of Plaintiff's written dispute letters and also failing to update/modify/delete inaccurate information.

2. In so doing, CITIZENS has violated the Federal Fair Credit Reporting Act (hereinafter "FCRA"), codified at 15 U.S.C. §§ 1681, et seq., and the California Consumer Credit Reporting Agencies Act (hereinafter "Calif. CCRAA"), codified at Calif. Civ. Code § 1785.25(a).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681n and § 1681o of the FCRA.

4. Defendant regularly conducts business within the State of California, County of San Diego, and has therefore purposefully availed itself of the ability to conduct business herein, which means personal jurisdiction is established.

5. Venue is proper within this judicial district because Plaintiff resides within this district, and witnesses and evidence is located herein.

## BACKGROUND
## CCP § 580B

6. Defendant's violations as alleged herein are premised upon the protections of CCP § 580b which alleviates Plaintiff of any liability for the alleged debt described herein.

7. California Code of Civil Procedure § 580b ("CCP § 580b") precludes personal liability for a deficiency resulting from any loan obtained to pay the purchase price of owner-occupied residential property.

8. Specifically, CCP § 580b provides:

> "No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than

2
**Complaint for Damages and Injunctive Relief**

> four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.
>
> Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on the real property or estate for years therein."

9. After the Great Depression in the 1930s, the California legislature enacted CCP § 580b in order to require lenders holding a mortgage or deed of trust against an interest in real property to bring one single lawsuit against a defaulted borrower. This single lawsuit must both seek to enforce the security and to collect the secured debt. Essentially, the lender was required to exhaust the security prior to seeking enforcement of the secured debt against the debtor directly.

10. Between 1933 and 1963, CCP § 580 was amended several times to include an anti-deficiency provision that would effectively prohibit lenders from seeking to collect a deficiency judgment against a debtor personally after the sale of residential property. This provision is subsection (b) of CCP § 580.

11. California courts at this time were concerned with the "evil" actions of creditors who frequently bid on debtors' real property at nominal figures while holding the debtors liable for a large portion of their original debts at the same time.

12. Thus, the legislature enacted CCP §580b to, among other things: (1) prevent the over-evaluation of land; (2) encourage home ownership; and (3) prevent a downturn in the economy that would likely occur if purchasers of land were burdened with personal liability in the event of falling home prices.

13. CCP § 580b prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrower's home.

14. California courts have decided that CCP §580b should be applied to property owners who borrow money to build their personal residence. The courts

3
**Complaint for Damages and Injunctive Relief**

wanted to eliminate the inequitable situation where the purchaser of real property with an existing house was protected by CCP §580b but the purchaser of real property who later built a house on the lot was not protected.  The owner of real property who finances and builds a dwelling on the property by acquiring or obtaining the dwelling for a price is in no less a sense a purchaser than the one who acquires or obtains the land itself.

15.    In other words, construction loans are considered purchase money and are therefore protected by CCP §580b.

16.    California law also makes it clear that a borrower may generally not waive the protections of CCP § 580b.  The California Supreme Court has specifically stated that "to allow a purchase money creditor to circumvent the absolute rule [of prohibiting deficiency judgments] by enforcing a … waiver of CCP § 580b in exchange for other concessions would flout the very purpose of the rule."  So in the absence of informed consent and consideration to the seller, the anti-deficiency protections of CCP §580b cannot be waived.

17.    Borrowers, including Plaintiff, cannot be liable for deficiency in a short sale transaction because (1) they are not specifically agreeing to waive deficiency protections; (2) they are not receiving any consideration in the short sale transaction; and (3) the loans were used to originally purchase a primary residence and protected by CCP § 580b.

18.    Thus, the protections of CCP § 580b cannot generally be waived by a borrower.

### FACTUAL ALLEGATIONS

5.    At some point in the year 2005, Plaintiff obtained a purchase money mortgage loan from Countrywide.

6.    Countrywide issued the loan as two separate loans, and as a result documented the purchase money mortgage loan as both a first mortgage and a second mortgage.

7. At some point thereafter, Countrywide became insolvent, and Bank of America purchased all Countrywide accounts, including Plaintiff's first and second mortgages.

8. At some point thereafter, Bank of America sold the first mortgage to another creditor, while also selling the second mortgage to CITIZENS.

9. At some point in 2012, the new owner of the first mortgage began foreclosing upon the property.

10. The property was ultimate sold at a Trustee's Sale January 10, 2013 for the amount of $308,436.61.

11. Upon information and belief, the monies netted by the first mortgage owner after the Trustee's Sale resulted in more than what was owed upon the first mortgage, which resulted in the surplus monies being paid to CITIZENS as partial payment towards what was then owed to CITIZENS upon the second mortgage.

12. However, CCP § 580b applies to prohibit CITIZENS from pursuing or claiming that Plaintiff owes any deficiency upon the balance after CITIZENS was paid out of the Trustee's Sale.

13. Unfortunately, in March of 2017, Plaintiff was denied a new home financing loan by Navy Federal Credit Union specifically because CITIZENS has been reporting an active balance owed upon the second purchase money mortgage and claiming that the accou8nt has been charged off.

14. Thus, Plaintiff discovered for the first time in March 2017 that CITIZENS has been reporting every month since the Trustee's Sale in January of 2013 that CITIZENS has been falsely reporting this account as having an outstanding recent balance, was charged off, and that Plaintiff still has personal liability upon the account.

15. Plaintiff also discovered for the first time in March 2017 that CITIZENS has been updating the reporting of the account every month since January 2013 to increase the balance that CITIZENS alleges is owed upon the account by the amount that CITIZENS alleges is owed each month.

5
**Complaint for Damages and Injunctive Relief**

16. Therefore, every month that CITIZENS updates the account with a new balance owed is a new action taken at inaccurately reporting the account.

17. By letters dated March 16, 2017, Plaintiff submitted written disputes to the three consumer credit reporting agencies Experian, Equifax, and Trans Union.

18. In Plaintiff's dispute letters, he specifically explained that the account reported by CITIZENS was a purchase money second mortgage and specifically explained that the foreclosure netted some monies to CITIZENS and specifically explained that the account should be reported as $0.00 balance owed and that he has no personal liability pursuant to CCP § 580b.

19. Each of the credit reporting agencies of Experian, Equifax, and Trans Union informed Plaintiff that they had received his dispute letters and that they each notified CITIZENS of the dispute, had forwarded to CITIZENS of the basis of Plaintiff's dispute, and received a response from CITIZENS.

20. Upon receiving the results of the dispute from each credit reporting agency in April of 2017, Plaintiff discovered that CITIZENS persisted in its claim to each credit reporting agency that the account has an outstanding recent balance, but also update the account to reflect a new balance owed by adding to the allegedly outstanding balance the most recent monthly payment.

21. Plaintiff has had multiple telephone conversations with employees of CITIZENS wherein he specifically advised them of the problem, with each phone call resulting in the employee telling Plaintiff that they are not going to update the credit reporting and that they are going to continue reporting the account as they have been.

22. On May 3, 2017, Plaintiff filed a complaint with the Consumer Financial Protection Bureau.

23. On May 6, 2017, CITIZENS responded to the Consumer Financial Protection Bureau complaint by informing Plaintiff that it received his previous credit reporting disputes, but also specifically claiming to Plaintiff that its reporting of the account is accurate and claiming that the basis for the reporting is that Plaintiff failed to

complete a loss mitigation packet during the pendency of the foreclosure proceedings.

24. However, in its response of May 6, 2017, CITIZENS completely failed to acknowledge or respond to the fact that Plaintiff has repeatedly informed CITIZENS that the account was a purchase money mortgage subject to California's anti-deficiency statute of CCP § 580b.

25. Consequently, any creditor who reviews the reporting will have the false impression that Plaintiff still owes a substantial sum of monies upon the account and is still subject to debt collection efforts and is still subject to a personal judgment for personal liability, whereas, if CITIZENS were to update the reporting to accurately reflect that it has a $0.00 balance owed, then potential creditors will have a more accurate reflection of Plaintiff's current creditworthiness and credit standing.

26. Furthermore, Plaintiff is informed and believes that the credit score models will score more negatively an account that has a recent outstanding negative balance owed upon the account as opposed to an account that shows a $0.00 balance owed or at least has a notation that Plaintiff has no personal liability upon the account as a result of CCP § 580b.

27. Furthermore, Plaintiff was informed by Navy Federal Credit Union that he would have qualified for a home loan if CITIZENS were to accurately report the account.

28. However, Plaintiff is unable to proceed with any more applications with Navy Federal Credit Union, or any other creditor for that matter, because CITIZENS has specifically advised Plaintiff that it is not going to change the manner in which it is reporting the account.

29. As a result, Plaintiff has been forced to continue paying rent for a dwelling space as opposed to building equity with a new home.

30. Plaintiff has also been damaged by way of mental anguish and emotional distress such as anger, nervousness, embarrassment, loss of sleep, and feelings of distraught and helplessness.

7
**Complaint for Damages and Injunctive Relief**

# FIRST CAUSE OF ACTION
## FEDERAL FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b)

31. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

32. As the furnisher of information to credit reporting agencies, CITIZENS is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the Federal FCRA:

> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
> (i) modify that item of information;
>
> (ii) delete that item of information; or
>
> (iii) permanently block the reporting of that item of information.

33. Plaintiff submitted written disputes to the consumer credit reporting agencies in March of 2017.

**Complaint for Damages and Injunctive Relief**

34. CITIZENS, Equifax, Experian, and Trans Union have all confirmed to Plaintiff that the disputes were provided to CITIZENS.

35. However, despite Plaintiff's explanation in his dispute letters containing the details that the account was a purchase money mortgage account and that the credit reporting cannot report a deficiency balance and claiming that Plaintiff still has personal liability upon the account, CITIZENS has failed to update/modify/delete the report to reflect that a $0.00 balance is owed and that Plaintiff has no personal liability by virtue of CCP § 580b.

36. Furthermore, it is clear that CITIZENS has failed to review the loan documents to confirm that the account was a purchase money mortgage that is subject of California's anti-deficiency statute, which means CITIZENS has failed to undertake a reasonable re-investigation of Plaintiff's dispute.

37. Consequently, CITIZENS has violated multiple provisions of 15 U.S.C. § 1681s-2(b) by failing to undertake a reasonable re-investigation of the dispute, and by also failing to update/modify/delete inaccurate information.

38. Plaintiff is informed and believes that CITIZENS' violations of §1681s-2(b) were negligent at a minimum, because a reasonable person would have simply reviewed the account documents to confirm that the account was a purchase money mortgage subject to California's anti-deficiency statute, yet CITIZEN has failed to undertake that simple task.

39. Plaintiff is also informed and believes that CITIZENS' violations of §1681s-2(b) were willful, in that it recklessly disregarded a high degree of risk that their refusal to simply review the account documents would result in their verifying false and inaccurate information, and the requirements of California's anti-deficiency statute are clear and unambiguous such that a reasonable creditor would know what is expected of it to ensure accurate credit reporting.

40. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

**SECOND CAUSE OF ACTION**
**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**Calif. Civ. Code §1785.25**

41. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

42. As the furnisher of information to credit reporting agencies, CITIZENS is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRAA.

43. Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

44. CITIZENS has violated its obligations under Section 1785.25(a) of the Calif. CCRAA multiple times by reporting the false information that the account maintains an outstanding recent balance and that Plaintiff still has personal liability upon the account.

45. Moreover, every month that CITIZENS has updated the reporting to increase the outstanding recent balance is a separate and distinct action of furnishing credit reporting information, and each monthly update since January 2013 is therefore a separate and distinct violation of Calif. Civ. Code § 1785.25(a).

46. CITIZENS knew, or should have known, that the account must be reported as a $0.00 balance owed, or at least include a notation that Plaintiff has no personal liability upon the account by virtue of CCP § 580b, because a simple review of the initial account documents from Countrywide confirms that the account was a purchase money second mortgage.

47. There is a plethora of case-law within the Ninth Circuit that holds the

10
**Complaint for Damages and Injunctive Relief**

same, and holds that the manner of reporting by CITIZENS in this matter is false and inaccurate reporting.

48.  Such false and inaccurate reporting has caused Plaintiff actual damages as explained in the statement of facts above.

49.  Plaintiff is informed and believes that CITIZENS' violations were negligent at a minimum, as a reasonable person would have known that the account was a purchase money second mortgage.

50.  Plaintiff is informed and believes that CITIZENS' violations were willful, in that CITIZENS acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because CITIZENS need have only reviewed the loan origination documents from Countrywide to know that this account was a purchase money second mortgage subject of California's anti-deficiency statute.

51.  Plaintiff is also informed and believes that CITIZENS' violations were willful because Plaintiff has specifically advised CITIZENS of this fact multiple times in writing, via telephone conversation, and via complaint to the Consumer Financial Protection Bureau, yet CITIZENS has repeatedly advised Plaintiff that it will not change the manner of its reporting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages as follows:

1.  Actual damages in the amount of $250,000.00, or as the jury may allow;
2.  Plus punitive damages of $5,000.00 for each individual willful violation of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);
3.  Plus statutory damages of $1,000.00 for each individual willful violation of the Federal FCRA, pursuant to 15 U.S.C. §1681n(a)(1)(A);
4.  Plus punitive damages in an amount to be determined by a jury for willful violations of the Federal FCRA, pursuant to 15 U.S.C. §1681n(a)(2);
5.  Injunctive relief to order Defendant to remove the false and inaccurate

information from Plaintiff's consumer credit reports and update the account as reflecting a $0.00 balance owed with no personal liability by virtue of CCP § 580b, pursuant to Calif. Civ. Code § 1785.31(b);

      6.    Any reasonable attorney's fees and costs to maintain the instant action.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                              SEMNAR & HARTMAN, LLP

DATED: 7/17/17                  /s/ *Jared M. Hartman*
                                      JARED M. HARTMAN, ESQ.
                                      Attorneys for Plaintiff,
                                      BRIAN SHIN

**Complaint for Damages and Injunctive Relief**