UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SHIN, an individual,<br><br>                      Plaintiff,<br><br>v.<br><br>CITIZENS BANK, N.A., doing business as Citizens One Home Loans,<br><br>                      Defendant. | Case No.: 17-cv-1435-WQH-WVG<br><br>**ORDER** |

The matter before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendant Citizens Bank, N.A.

**I.    Background**

On July 17, 2017, Plaintiff Brian Shin initiated this action by filing a Complaint (ECF No. 1) against Defendant Citizens Bank, N.A. ("Citizens"). The Complaint brings causes of action under the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25, and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). (Complaint at 1). On September 14, 2017, Citizens filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 8). On September 30, 2017, Shin filed an Opposition to Defendant's

Motion to Dismiss. (ECF No. 10). On October 6, 2017, Citizens filed a Reply in Support of Motion to Dismiss. (ECF No. 11).[1]

On October 13, 2017, Citizens filed a Notice of Lodging Authority Re Reply in Support of Motion to Dismiss Plaintiff's Complaint. (ECF No. 13). Also on October 13, 2017, Shin filed Objections and Requests to Strike Defendant Citizen Bank, N.A.'s Notice of Lodgment, requesting that the Court strike Citizen's Notice of Lodging Authority. (ECF No. 14). The Court grants Shin's request to strike Citizen's Notice of Lodging Authority (ECF No. 13).

## II. Allegations of the Complaint

> At some point in the year 2005, Plaintiff obtained a purchase money mortgage loan from Countrywide. Countrywide issued the loan as two separate loans [(the "Loans")], and as a result documented the purchase money mortgage loan as both a first mortgage and a second mortgage [(collectively, the "Mortgages")]. At some point thereafter, Countrywide became insolvent, and Bank of America purchased all Countrywide accounts, including Plaintiff's first and second mortgages. At some point thereafter, Bank of America sold the first mortgage to another creditor, while also selling the second mortgage to Citizens.

(Complaint at ¶¶ 5-8).

> At some point in 2012, the new owner of the first mortgage began foreclosing upon the property. The property was ultimate [sic] sold at a Trustee's Sale [on] January 10 . . . . [T]he monies netted by the first mortgage owner after the Trustee's Sale resulted in more than what was owed upon the first mortgage, which resulted in the surplus monies being paid to Citizens as partial payment towards what was then owed to Citizens upon the second [loan (the "Loan")].

*Id.* at ¶¶ 9-11.

---

[1] On October 10, 2017, Shin filed an Objection and Request to Strike Portions of Defendant Citizen Bank, N.A.'s Reply. (ECF No. 1). Shin requested that the Court strike (1) Citizen's citation to an unpublished state court of appeal ruling, (2) the arguments in footnote four of Citizen's Reply (ECF No. 11), and (3) Citizen's citations to "court rulings that were not contained within its initial moving papers." *Id.* Shin's requests to strike portions of Citizen's Reply are denied.

"Citizens has been falsely reporting [the Loan] as having an outstanding recent balance, was charged off, and that Plaintiff still has personal liability upon the account." *Id.* at ¶ 14. "Citizens has been updating the reporting of the account every month since January 2013 to increase the balance that Citizens alleges is owed upon the account by the amount that Citizens alleges is owed each month." *Id.* at ¶ 15.

> Citizens knew, or should have known, that the account must be reported as a $0.00 balance owed, or at least include a notation that Plaintiff has no personal liability upon the account by virtue of CCP § 580b, because a simple review of the initial account documents from Countrywide confirms that the account was a purchase money second mortgage.

*Id.* at ¶ 46. "CCP § 580b prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrower's home." *Id.* at ¶ 13.

> By letters dated March 16, 2017, Plaintiff submitted written disputes to the three consumer credit reporting agencies Experian, Equifax, and Trans Union. In Plaintiff's dispute letters, he specifically explained that the account reported by Citizens was a purchase money second mortgage and specifically explained that the foreclosure netted some monies to Citizens and specifically explained that the account should be reported as $0.00 balance owed and that he has no personal liability pursuant to CCP § 580b. Each of the credit reporting agencies . . . informed Plaintiff that they had received his dispute letters and that they each notified Citizens of the dispute, had forwarded to Citizens of the basis of Plaintiff's dispute, and received a response from Citizens. Upon receiving the results of the dispute from each credit reporting agency in April of 2017, Plaintiff discovered that Citizens persisted in its claim to each credit reporting agency that the account has an outstanding recent balance, but also update the account to reflect a new balance owed by adding to the allegedly outstanding balance the most recent monthly payment. Plaintiff has had multiple telephone conversations with employees of Citizens wherein he specifically advised them of the problem, with each phone call resulting in the employee telling Plaintiff that they are not going to update the credit reporting and that they are going to continue reporting the account as they have been.

*Id.* at ¶¶ 17–21.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

## IV. Discussion

California Civil Code § 1785.25(a) states "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." 15 U.S.C. § 1681s-2(b) states "A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the

information is, in fact, inaccurate." In 2005, the year in which Shin obtained the Mortgages and Loans, California Code of Civil Procedure § 580b[2] stated:

> No deficiency judgment shall lie in any event . . . under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.

*See* 1989 Cal. Legis. Serv. 698.

Citizens contends that Shin's claims should be dismissed because the information that it provided credit reporting agencies concerning the balance on the Loan was not "inaccurate" because "Section 580b does not erase Plaintiffs' debt." (ECF No. 8-1 at 11).[3] Shin contends that Citizens did provide "incomplete or inaccurate" information to credit reporting agencies when it informed them of the balance on the Loan without noting that Shin is not personally liable for that balance. (ECF No. 10 at 14).

The Court of Appeals was presented with similar arguments in *Kuns v. Ocwen Loan Servicing, LLC*, 611 F. App'x 398 (9th Cir. 2015). In that case,

> Kuns allege[d] that because his former home was bought with a purchase money mortgage and sold through a nonjudicial foreclosure, he had no personal liability for the deficiency that resulted from the foreclosure sale. Cal. Code Civ. Proc. §§ 580b, 580d. Ocwen was nonetheless reporting the deficiency amount to credit reporting agencies . . . . Kuns allege[d] that

---

[2] California Code of Civil Procedure § 580b has since been amended. However, it is not "very clear" from the text of § 580b that the California Legislature intended the amendments to apply retroactively, and the Court has not been presented with any convincing extrinsic evidence to that effect. *Evangelatos v. Superior Court*, 753 P.2d 585, 642 (Cal. 1988). Consequently, the Court declines to apply the amendments to § 580b retroactively, and the 2005 version of § 580b governs the Mortgages and Loans. *See Prianto v. Experian Info. Sols., Inc.*, No. 13-CV-03461-TEH, 2014 WL 3381578, at *4 n.2 (N.D. Cal. July 10, 2014); *Murphy v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-555-TLN-EFB, 2014 WL 2875635, at *1 n.2 (E.D. Cal. June 24, 2014).

[3] Citizens also contends that Shin's claims must be dismissed because they are based on § 580b and the allegations in the Complaint do not demonstrate that Shin qualifies for the protections of § 580b because the Complaint does not allege that Shin ever occupied the property that he purchased with the Loan. *Id*. Shin alleges that "§ 580b prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrower's *home*," and that he qualifies for the protections of § 580b. *Id*. at ¶¶ 13, 46 (emphasis). The Court finds that, based on these allegations, it is reasonable to assume that Shin occupied the property that he purchased using the Loan.

5

> Ocwen's reporting of the deficiency, without being accompanied by additional information to indicate Kuns' lack of personal liability, violated Ocwen's obligation under California's Consumer Credit Reporting Agencies Act ("CCRAA") to not report information that Ocwen 'knows or should know . . . is incomplete or inaccurate.' Cal. Civ. Code § 1785.25(a). The district court concluded that Ocwen had no 'affirmative duty' under the CCRAA to indicate that the deficiency could not be collected from Kuns, and dismissed the complaint.

*Kuns*, 611 F. App'x at 399 (omissions in original). The Court of Appeals stated that information provided to a credit reporting agency is "inaccurate" under California Civil Code § 1785.25(a) and 15 U.S.C. § 1681s-2(b) when "it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* (citing *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009))). Applying that standard, the Court of Appeals concluded that "Kuns's allegation that Ocwen's reporting was 'incomplete or inaccurate' regarding his personal liability for the foreclosure deficiency stated a claim under CCRAA § 1785.25." *Id.* at 400.

Shin alleges that Citizens "has been reporting the Loan as having an outstanding recent balance," and "has been updating the reporting of the account every month . . . to increase the balance . . . by the amount that Citizens alleges is owed each month." Complaint at ¶¶ 14–15. Shin also alleges that Citizens has been reporting "that Plaintiff still has personal liability" for the Loan. *Id.* at ¶ 14. Shin's allegations that Citizens has been reporting that the Loan has an outstanding balance that is increasing monthly and that Shin is still personally liable for that balance sufficiently allege that Citizens has be providing credit reporting agencies information that "is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Kuns*, 611 F. App'x at 399 (citing *Carvalho*, 629 F.3d at 890 (quoting *Gorman*, *LLP*, 584 F.3d at 1163)). Consequently, the Complaint alleges that Citizens has provided "inaccurate" information to credit reporting agencies under California Civil Code § 1785.25(a) and 15 U.S.C. § 1681s-2(b). *Id.* The Complaint states claims for violations of California Civil Code §

1785.25(a) and 15 U.S.C. § 1681s-2(b).[4]

## V. Conclusion

IT IS HEREBY ORDERED that:

1. Shin's request to strike Citizen's Notice of Lodging Authority, *see* ECF No. 14, is GRANTED. The Clerk of the Court is instructed to STRIKE Citizen's Notice of Lodging Authority (ECF No. 13) from the record.

2. The Motion to Dismiss (ECF No. 8) is GRANTED. The Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file a motion to file an amended complaint within thirty days of the date of this order. If no motion is filed, the Court will direct the clerk to close the case.

Dated: January 30, 2018

Hon. William Q. Hayes
United States District Court

---

[4] Citizens also contends that Shin's claims should be dismissed without leave to amend under *Carvalho* "because Plaintiff does not allege a *factual* inaccuracy." ECF No. 8-1 at 12 (emphasis in original) (citing *Carvalho*, 629 F.3d at 890). That argument is foreclosed by the Court of Appeals' analysis in *Kuns*, 611 F. App'x 398 (citing *Carvalho*, 629 F.3d at 890).

7